UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| CHRISTIE WIMLEY | ) | |
| | ) | |
| v. | ) | CASE NO. 4:06-cv-72 |
| | ) | |
| JACKIE MATHENY, individually, | ) | |
| and in his capacity as Sheriff of Warren | ) | JUDGE CARTER |
| County, Tennessee, | ) | |
| EDDIE KNOWLES, in his capacity as | ) | |
| Director of Jails for Warren County | ) | |
| Sheriff's Department, | ) | |
| PATTY BOYD, in her capacity as | ) | |
| Administrator for Warren County | ) | |
| Sheriff's Department, | ) | |
| the WARREN COUNTY SHERIFF'S | ) | |
| DEPARTMENT, and | ) | |
| WARREN COUNTY, TENNESSEE | ) | |

MEMORANDUM

I. Introduction

Plaintiff has moved for attorney's fees and costs in this action [Doc. 69] pursuant to 42

U.S.C. § 1988.  For the reasons stated herein, the Court finds the motion well taken and will

award attorney's fees and costs to the plaintiff in the amount of $88,250.17

II. Background

Plaintiff brought this action asserting she was demoted and then terminated from her day

shift position at the Warren County Jail after she supported a candidate other than Sheriff Jackie

Matheny in the 2006 Democratic primary for sheriff of Warren County.  She brought claims

against the defendants: Eddie Knowles in his official capacity as Director of the Jail, Patty Boyd

in her official capacity as Administrator for the Warren County Sheriff's Department, Jackie

1

Matheny in his individual capacity and his official capacity as Warren County Sheriff, Warren County, and the Warren County Sheriff's Department. Plaintiff brought her action under 42 U.S.C. § 1983 for violations of her First Amendment rights of free speech and free association. Plaintiff's claim against the Warren County Sheriff's Department was dismissed on the basis that it was not a legal entity subject to suit, and her claim for punitive damages against Warren County was dismissed on the ground that punitive damages are not recoverable against a municipality.

A jury trial was held on the remaining claims on August 12- 13, 2008. The jury found for the plaintiff on all triable claims and awarded her back pay in the amount of $9,705.23 and damages for mental and emotion distress in the amount of $36,000.00 against all defendants. The jury also awarded the plaintiff $20,000 in punitive damages against Sheriff Jackie Matheny. Plaintiff's total award was $65,704.23.

### III. Analysis

Generally, federal courts in the United States follow the American Rule whereby each party bears his or her own attorney's fees no matter what the outcome of the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 2 (1983); *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790, 793 (6th Cir. 1988). An exception arises where Congress provides a statutory right to attorney's fees. *See Hensley*, 461 U.S. at 433 n. 2 (discussing statutory exceptions to the American Rule). A party seeking attorney's fees under a federal fee shifting statute bears the burden to show he or she is entitled to the amount requested. *See Hensley*, 461 U.S. at 433; *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). The fees requested should be documented, and, where they are not, the district court may reduce the award accordingly. *Id.* The award of attorney's fees is left to the

2

district court's exercise of discretion within the appropriate parameters which are discussed

below. *See Hensley*, 461 U.S. at 437; *Reed*, 179 F.3d at 469 n.2; *Hudson v. Reno*, 130 F.3d 1193,

1208 (6th Cir. 1997), *overruled in part on other grounds by Pollard v. E. I. DuPont Nemours &*

*Co.*, 532 U.S. 843 (2000).

Under 42 U.S.C. § 1988, a prevailing party may recover reasonable attorney's fees

incurred in successfully prosecuting a claim brought under 42 U.S.C. § 1983.[1] *Deja Vu v.*

*Metropolitan Government of Nashville and Davidson County, Tennessee*, 421 F.3d 417, 419-20

(6th Cir. 2005). Attorney's fees for successful litigants under federal fee shifting statutes are

commonly calculated using the "lodestar" method of multiplying the number of hours reasonably

expended by a reasonable hourly rate. *Web v. Board of Educ. of Dyer County, Tenn.,* 471 U.S.

234, 242 (1985); *Hensley*, 461 U.S. at 433; *Adcock-Ladd v. Secretary of the Treasurer,* 227 F.3d

343, 349 (6th Cir. 2000); *Reed*, 179 F.3d at 471. The reasonableness of the hours expended and

the attorney's hourly rate must be considered on a case by case basis. *Hensley*, 461 U.S. at 429.[2]

---

[1]42 U.S.C. § 1988 provides in relevant part:
In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982,
1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the
prevailing party, other than the United States, a reasonable attorney's fee as part of
the costs....

[2] There are twelve factors which the district court may consider in determining the basic
lodestar fee and whether to make adjustments thereto. *Reed*, 179 F.3d at 471; *see also Hensley*,
461 U.S. at 429-30, 434 n. 9. These factors are:

(1) the time and labor required by a given case; (2) the novelty and difficulty of
the questions presented; (3) the skill needed to perform the legal service properly;
(4) the preclusion of employment by the attorney due to acceptance of the case;
(5) the customary fee; (6) whether the fee is fixed or contingent; (7) time
limitations imposed by the client or the circumstances; (8) the amount involved
and the results obtained; (9) the experience, reputation, and ability of the
attorneys; (10) the "undesirability" of the case; (11) the nature and length of the

3

In determining the appropriate hourly rate to apply, the district court must consider the prevailing market rate in the relevant community for the same type of work at issue. *Adcock-Ladd,* 227 F.3d at 350; *Reed*, 179 F.3d at 473. The "relevant community" for fee purposes is the legal community within the court's territorial jurisdiction. *Adcock-Ladd,* 227 F.3d at 350; *Hudson*, 130 F.3d at 1208. The "prevailing market rate" is that rate which lawyers of comparable skill and experience can reasonably expect to command within the relevant community. *Id.* That rate may not, however, exceed the amount necessary to cause competent legal counsel to perform the work required. *Coulter v. Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986); *see also Adcock-Ladd*, 227 F.3d at 349 ("The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers.") (citing *Reed*, 179 F.3d at 471). "Such fees are different from the prices charged well-to-do clients by the most noted lawyers and renowned law firms in a region." *Coulter*, 805 F.2d at 149; *see also Reed*, 179 F. 3d at 472 (accord); *Hudson*, 130 F.3d at 1208 (accord).

Factors particularly relevant to this case in determining whether the hours expended are reasonable include: the difficulty of the legal issues presented by the case, the skill requisite to perform the legal services properly, and the experience and ability of the attorneys. *See Hensley*, 461 U.S. at 430 n.3. Hours which are "excessive, redundant, or otherwise unnecessary," are not reasonably expended. *Id*. at 434.

While the lodestar method is the appropriate starting place for determining attorney's

---

professional relationship with the client; and (12) awards in similar cases. *Reed*, 179 F.3d at 472 n. 3; *accord Hensley*, 461 U.S. at 430 n.3.

4

fees, the inquiry does not end there. *Id.* Other considerations may lead the district court to adjust

the fee. *Id.* "'[T]he most critical factor' in determining the reasonableness of a fee award is 'the

degree of success obtained.'" *Farrar v. Hobby,* 506 U.S. 103, 114 (1992) (citing *Hensley,* 461

U.S. at 436); *Cramblit v. Fiske*, 33 F.3d 633, 635 (6th Cir. 1994). For example, where the

purpose of the litigation is to recover damages, then the district court must consider the amount

and nature of damages awarded when determining attorney's fees. *Farrar,* 506 U.S. at 115; *see*

*also Adcock-Ladd*, 227 F.3d at 349; *Cramblit*, 33 F.3d at 635. Where a party achieves only

partial success, the district court must consider whether the party achieved a level of success that

makes the hours reasonably expended a satisfactory basis for making a fee award. *Hensley*, 461

U.S. at 434. Further, unsuccessful claims which are based on a "common core of facts" or

"related legal theories" with successful claims are not treated as distinct claims for the purpose of

awarding attorney's fees to the prevailing party – fees are not reduced in that instance. *DiLaura*

*v. Township of Ann Arbor*, 471 F.3d 666, 672 (6th Cir. 2007); *Thurman v. Yellow Freight, Sys.*

*Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996).

That plaintiff's claim for punitive damages against Warren County and her claim against

the Warren County Sheriff's Department were dismissed prior to trial is of no moment to the

plaintiff's motion for attorney's fees. Plaintiff prevailed on her claim for punitive damages

against Sheriff Matheny, and this claim is based on the same common core of facts and related

legal theories as the claim against Warren County. Further, plaintiff asserted the same

compensatory damages claims against Warren County that she asserted against the Warren

County Sheriff's Department. Claims against both entities involved the same common core of

facts and related legal theories. In other words, work plaintiff's counsel performed on the

Warren County punitive damages claim and the claims against the Warren County Sheriff's

Department was fully applicable to claims on which plaintiff prevailed. Thus the Court will not

reduce the fee award to any extent on the ground that plaintiff did not prevail on all claims.

Defendants assert that the hourly rates charged by plaintiff's counsel are excessive.

Plaintiff has presented affidavits from all her counsel and from another attorney of a respected

firm within the region, (*see* Declaration of William T. Ramsey, Doc. 74), attesting that the rates

charged are reasonable within Warren County given the type of work performed and the skill and

experience of counsel. Defendants have presented no countervailing affidavits. Instead, they

seek leave of Court to depose plaintiff's counsel regarding their experience and the work

performed. The undersigned is disinclined to allow satellite litigation on this collateral matter of

attorney's fees. Defendants could have provided their own affidavits to support their contention

that plaintiff's counsels' fees were excessive but did not do so. Accordingly, defendants' motion

to depose plaintiff's counsel and to conduct discovery of plaintiff's counsel is DENIED. I further

find that the $300.00 hourly rate for Mr. Galligan and the $250.00 hourly rate for Ms. Marttala

and Mr. Partin are reasonable given their experience, skill and reputation and the prevailing

market rate in their community.

As to the amount of time billed, this was a difficult case to prosecute. Plaintiff was a

lower level employee of the Warren County Jail controlled by defendant Sheriff Matheny. Many

of the witnesses, both for defendants and plaintiff, still worked at the Warren County Jail.

Defendants fiercely contested plaintiff's claims throughout the litigation. Nevertheless, as a

practical matter, plaintiff obtained all the relief she sought. It is apparent to the undersigned that

plaintiff's counsel used considerable skill, time, and effort in conducting discovery, preparing for

6

trial, and presenting the plaintiff's case at trial. The Court finds all the time to be allowable

except for those limited instances where it appears all three of plaintiff's counsel were involved

in the same work. *(See* Defendants' Response in Opposition to Plaintiff's Motion for Attorney's

Fees at 3-5, Doc. 75). The undersigned is mindful of the need for counsel to review some of the

same issues and to confer in order to discuss strategy effectively; however, the undersigned finds

the use of three attorneys on the same tasks excessive, and the Court will eliminate the time

charged by one of the attorneys. Therefore, the Court reduces Mr. Partin's hours by 22 hours

resulting in a reduction in fees of $5,500. The Court chooses to reduce Mr. Partin's hours instead

of Ms. Marttala's hours because Ms. Marttala was more involved in the case than Mr. Partin.

The Court finds the remaining amount of attorney's fees requested, $85,680.00, to be reasonable.

Plaintiff also requests costs in the amount of $2,570.17 pursuant to Fed. R. Civ. P.

55(d)(1) and 28 U.S.C. § 1920. Rule 55(d)(1) provides that costs other than attorney's fees shall

be allowed to the prevailing party unless the court directs otherwise. *Id.* 28 U.S.C. § 1920 sets

forth costs allowable:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Plaintiff's costs have been thoroughly documented, and the Court finds them to be allowable and reasonable. Therefore, plaintiff is also awarded costs from defendants in the amount of $2,570.17.

The break-out of the plaintiff's total award is as follows:

| Attorney | Hourly Rate | Number of Hours Billed | Number of Hours Subtracted by Court | Total Number of Allowable Hours | Amount of Award |
|---|---|---|---|---|---|
| Michael Galligan | $300.00 | 107.6 | 0 | 107.6 | $32,280.00 |
| Susan Marttala | $250.00 | 152.6 | 0 | 152.6 | $38,150.00 |
| John Partin | $250.00 | 83 | 22 | 61 | $15,250.00 |
| Total Attorneys Fees | | | | | $85,680.00 |
| Expenses | | | | | $2,570.17 |
| **Total Award** | | | | | **$88,250.17** |

### IV. Conclusion

For the reasons stated herein, the plaintiff's motion for attorney's fees and costs will be GRANTED in that the plaintiff will be AWARDED attorney's fees and costs in the amount of $88,250.17. An appropriate order shall enter.

Dated: December 3, 2008          s/William B. Mitchell Carter
                                 UNITED STATES MAGISTRATE JUDGE

8